Caeutuers, J.,
delivered tbe opinion of tbe court.
The complainants file this bill for a settlement with the defendant as their guardian appointed in lSSY.
They are his grand children. In his first report, March 1839, to the clerk of the county court, he shows that he had in his hands $229 61, and in that, and subsequent reports and settlements with the clerk, he presented and was allowed charges for clothes, provisions, schooling, &c., by which very nearly the whole amount in his hands was exhausted. Against these charges a claim was made by the complainants for services for a much larger amount, and upon reference a balance was reported in their favor of $533 10, for which a decree was given against' the guardian and his securities, and an appeal to this court.
The securities of the guardian cannot be made liable for an account for work and labor against their principal, nor can the latter in this proceeding, and the decree on that basis is erroneous. But certainly it was competent for the wards to show, that the credits claimed by the guardian for disbursements should not be allowed, because they had been paid and discharged by work and labor, or otherwise, and if so, should not operate as a discharge as to the fund in his hands as guardian. To this extent such adverse claim may be considered, and for that purpose, and no other, allowed in the settlement.
The proof in this case puts it beyond all doubt, that a just compensation of complainants for their services would more than discharge the account of defendant for his outlay for them and leave the amount ori *524 ginally received into bis bands for them untouched. It was a small pittance, and being aware of their poverty, under the guidance, control and management of a hind and industrious mother, they were enabled by their own toil, and hers, to live without any encroachment upon it. The mother had full confidence in the defendant, her father, and from the death of her husband, submitted every thing to his control and management, and taught her children to reverence and obey him. According to the proof, he received their labor on his farm for seven or eight years; even the little girls aided in picking out his cotton. In the face of this proof, can he be permitted to charge the family for every little item of food and raiment he furnished them? No court of conscience could permit it. After allowing his account as made out by himself, and placing a low estimate on the services rendered by his grand children by disinterested witnesses, well acquainted with all the circumstances, his claim is more than liquidated. In one of his settlements with the clerk of the county court he received a credit of $25, for that amount paid for schooling, and afterwards admitted it to be incorrect, but still permitted it to remain on the record.
It is proved that he has permitted his wards to grow up without having them learned even to read or write, and now desires to turn them out upon the world pennyless as well as ignorant, after having occupied the position of father to them from their infancy. It would have been supposed that their near relationship and destitute orphanage would have guaranteed to them better treatment. If he had bound them out to good men, which it was his duty to do, if their *525 estate was not sufficient to support them, and he was not willing to raise them up in the right way himself, they would at least have been plainly educated and received something for their labor at the termination of their apprenticeship.
But independent of this view, the law does not permit a guardian to expend more than 'the interest and profits of his ward’s estate, without the sanction of a chancery court. So he would be liable for the principal in his hands at all events, and without any adverse claim on their part.
In this case, however, under all the circumstances, if we can do' no more, we can make the defendant account for the said amount of $229 61, with interest at annual rates from the time he received it up to this time, and a decree will be rendered for that amount, with all costs against the guardian and his sureties, after it is ascertained and reported by the master,' for which a reference will now be made.